Duer, J.
Although I had considerable doubts upon the hearing, yet I am satisfied, upon reflection, that the demurrer to the complaint must be allowed.
To enable a plaintiff to bring a suit in his own right, and’ on *658 behalf of others having a common interest, it is not sufficient to allege that the other parties are so numerous that it would be impracticable to bring them all before the court, but the nature of their common interest must appear to be such as would entitle them, were they all before the court, to maintain the action in their own right, or in their own names.
The promissory note upon which the suit is founded is stated to have been given for account of the National Loan Fund Life Assurance Society, and the complaint avers that this society is not incorporated; but it by no means follows that its individual members have therefore a right to maintain an action in their own names, and for their own benefit, upon every security given to the society, or to third persons for account of the society. Their right to do so must depend upon the nature of the association, the terms and conditions of the agreement by which its members are united. Although the society is not incorporated, its members are not necessarily either partners or joint owners. They may have only an equitable, and that only an eventual and contingent interest, in the property and funds of the society, and to permit them to appropriate these to their own immediate use, by a recovery in their own names, or by one on behalf of others, might be to aid them in deceiving the public, and defrauding creditors. The society in question may be, and not improbably is, a joint stoclc company, organized as such under a general or special act of Parliament, and if so, it is very doubtful whether it would not be treated as a corporation in our own courts, and still more so, whether the right to institute a suit on behalf of the society would not be limited to those to whom it may be exclusively given by the terms of the articles of agreement, or act of Parliament, under which the society is organized. At any rate, these observations show not only the propriety, but necessity, of requiring that the contract or agreement by which the members are fqrmed into and united as a society, shall be set forth in the complaint, as the only means of enabling the court to determine whether they have a legal title to maintain the suit. It is true, the complaint avers that the plaintiff is specially authorized to bring the *659 suit for and on behalf of the society; but whether he has such an authority as can enable him to bring the suit in his own name, is a question of law, which can only be determined when the nature and terms of his authority shall be set forth.
As the complaint is framed, I cannot say that he has any right to maintain the action. I cannot say that he and the other members of the society are the lawful holders or owners of the note in suit. Indeed, the complaint itself somewhat inconsistently avers that the society itself is such lawful holder and owner, thus treating it as having an independent organized existence, and not averring that its name is the name and style of a partnership.
I add that I incline very strongly to the opinion that § 119 of the code ought to be construed as merely re-enacting the rules that otherwise might have been held >to be abolished, which, previously to the adoption of the code, prevailed in courts of equity, and consequently that it is to suits equitable in their nature that the provisions in the section should still be exclusively applied. If so, the present case is plainly not within the purview of the section; but it is not upon this ground that I am to be understood as placing my decision.
The defendant is entitled to judgment upon the demurrer with costs; but the plaintiff has the usual liberty to amend upon payment of costs, and is allowed twenty days for that purpose. Instead of amending, the counsel may probably deem .it expedient to advise a new suit in the name of the general agent of the society, by whom, according to the interpretation that this court has given to the code, the action may certainly be sustained.